### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLORADO
### Judge Christine M. Arguello

Civil Action No. 13-cv-00093-CMA-MJW

LEHMAN BROTHERS HOLDINGS INC.,

    Plaintiff,

v.

UNIVERSAL AMERICAN MORTGAGE COMPANY,

    Defendant.

---

### ORDER DENYING PLAINTIFF'S MOTION TO AMEND/CORRECT/MODIFY JUDGMENT PURSUANT TO F.R.C.P. 59

---

    This matter is before the Court on Plaintiff Lehman Brothers Holdings, Inc.'s ("LBHI") Motion to Amend/Correct/Modify Judgment Pursuant to F.R.C.P. 59, filed on May 7, 2014. (Doc. # 94.) For the following reasons, the Court denies Plaintiff's motion.

    Plaintiff properly filed this motion within Rule 59's twenty-eight day time limitation. Under Fed. R. Civ. P. 59(e), "[g]rounds warranting a motion to reconsider include (1) an intervening change in controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of Paraclete v. Does,* 204 F.3d 1005, 1012 (10th Cir. 2000). However, reconsideration "is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Id.*

Plaintiff argues that this Court misapprehended "critical facts" because it, not Lehman Brothers Bank, FSB ("LBB"), sold the loan at issue to Freddie Mac and indemnified Freddie Mac. Although the Court mistakenly states that LBB sold the loan to Freddie Mac and then repurchased the loan from Freddie Mac, these facts are not material to the Court's analysis.

While there were several loan transfers to and from various entities, which make the timeline of this case complicated, the key transfer is the original purchase of the loan by LBB from Defendant in August 2006. Indeed, Plaintiff's attempt to refocus the Court's attention to the later transfer to a third party and indemnification of that third party's losses is an attempt to bait this Court into revisiting arguments that it already considered in the Order. Moreover, this specious argument obfuscates the essential analysis of this Court's Order: that at the time of the original purchase of the loan by LBB from Defendant in August 2006, LBB was a federally chartered savings association, with its home office in Delaware; and as LBB's assignor, Plaintiff's claim accrued when LBB purchased the loan from Defendant in August 2006. Therefore, Plaintiff's claim is barred by Delaware's three-year limitations period.[1]

To expand the scope of the statute of limitations simply because Plaintiff acquired rights to this loan at a later date would undermine the purpose of a limitations period. *See United States. v. Kubrick*, 444 U.S. 111, 117 (1979) (Statutes of limitations

---

[1] Moreover, facing a similar fact pattern, another court in this district likewise determined that Plaintiff's claims are barred by Delaware's three year statute of limitation. *See Lehman Bros. Holdings Inc. v. Universal Am. Mortgage Co., LLC*, No. 13-CV-00090-PAB-MJW, 2014 WL 3258409 (D. Colo. July 8, 2014) (applying New York's borrowing statute and finding that plaintiff's claim accrued when LBB purchased the loan from defendant, that LBB was a resident of Delaware at the time, and plaintiff's claim was barred by Delaware's three-year statute of limitations).

"are statutes of repose; and although affording plaintiffs what the legislature deems a reasonable time to present their claims, they protect defendants and the courts from having to deal with cases in which the search for truth may be seriously impaired by the loss of evidence" over time.); *see also Windsearch, Inc. v. Delafrange*, 90 A.D.3d 1223, 1224 (N.Y. App. Div. 2011) (the assignee of a debt "is not entitled to stand in a better position than that of its assignor") (quoting *Portfolio Recovery Assoc., LLC v King*, 14 N.Y.3d 410, 416 (2010).  Plaintiff's argument that the statute of limitations accrual date was not triggered until it indemnified Freddie Mac has been rejected by this Court.

Essentially, Plaintiff's motion is a thinly-veiled attempt to reargue the arguments this Court considered, but rejected when it granted Defendant's Motion for Summary Judgment.  This is an inappropriate use of a Rule 59 motion and accordingly, the Court declines to grant Plaintiff the relief it seeks.

Based on the foregoing, it is ORDERED that Plaintiff's Motion to Amend/Correct/Modify Judgment Pursuant to F.R.C.P. 59 (Doc. # 94) is DENIED.

DATED:  August 5, 2014

BY THE COURT:

*Christine M Arguello*

_____
CHRISTINE M. ARGUELLO
United States District Judge